5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Julio VASQUEZ-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70080.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 18, 1993.
Decided Aug. 26, 1993.
 
 Petition for Review of an Order of the Board of Immigration Appeals; No. Apg-xvv-maa.
 B.I.A.
 PETITION DENIED.
 Before FAIRCHILD,* BEEZER, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julio Vasquez-Lopez petitions this court for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") decision denying asylum under Sec. 208(a) of the Immigration and Nationality Act ("Act"), 8 U.S.C. Sec. 1158(a). We deny the petition.
 
 
 3
 Julio Vasquez-Lopez is a native and citizen of Guatemala. He claims that both he and his father have been persecuted by Guatemalan guerillas. The IJ found Vasquez-Lopez's tale of persecution was credible, but nevertheless denied his application for asylum and withholding of deportation on the grounds that the threats of harm to Vasquez-Lopez did not constitute persecution under the meaning of the Act, and that Vasquez-Lopez had not shown he could not avoid persecution by relocating to another area of Guatemala.
 
 
 4
 On appeal, the BIA denied asylum and withholding of deportation on the grounds that Vasquez-Lopez's testimony was not credible and, even were his story true, the actions of the guerillas did not constitute persecution on account of one of the five grounds enumerated in the Act. Vasquez-Lopez now petitions this court to reverse the decision of the BIA. Among other things, Vasquez-Lopez claims the BIA erred in its rejection of the IJ's credibility findings.
 
 
 5
 The panel reviews factual determinations of an alien's statutory ineligibility for asylum or withholding of deportation under the substantial evidence test. INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992); Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir.1988). Under the substantial evidence test, the court may reverse the BIA "only if the evidence presented to the Board was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992) (citing Elias-Zacarias, 112 S.Ct. at 817).
 
 
 6
 An IJ's credibility findings are accorded substantial deference. Castillo v. INS, 951 F.2d 1117, 1120 n. 1 (9th Cir.1991). The BIA may reject the IJ's credibility findings, but only if the rejection is "reasonably supported." McMullen v. INS, 658 F.2d 1312, 1318 (9th Cir.1981). See also Castillo, 951 F.2d at 1120 n. 1 ("the Board, while conducting its independent de novo review, may in appropriate circumstances reject the IJ's credibility findings").
 
 
 7
 In this case, Vasquez-Lopez offered conflicting testimony regarding the letters he received[1] and described confrontations with guerillas that the Board determined were less than plausible. Without deciding whether Vasquez-Lopez's testimony is inherently implausible or incredible, we conclude the evidence in the record is not so compelling as to make unreasonable the Board's findings on Vasquez-Lopez's credibility. Accordingly, we hold that a reasonable factfinder could fail to find the requisite fear of persecution.[2]
 
 
 8
 The petition for review of the Board of Immigration Appeal's decision is DENIED.
 
 
 9
 WIGGINS, Judge, concurring.
 
 
 10
 I agree with the result the majority reaches, but think that its analysis is incomplete. Courts determining eligibility for asylum under 8 U.S.C. Sec. 1158(a) have failed to ask an important threshold question: whether a minority faction in a country is sufficiently strong that it can politically persecute an asylum seeker? I believe that asylum is justified only where a nongovernmental faction is strong enough that the government either cannot or will not protect its citizens from persecution by that faction. No such determination has occurred here.
 
 
 
 *
 The Honorable Thomas E. Fairchild, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 At his hearing before the IJ, Vasquez-Lopez first testified that he had been living at his godmother's house for some months "when the letter arrived from the guerrillas there at nmy godmother's." AR at 160. When asked if the letter was addressed to his brother, Vasquez-Lopez replied "yes." AR at 161. After further questioning, Vasquez-Lopez stated "on the envelope on the outside it had my brother's name but inside it had what the guerilla were wanting to tell me." When asked if he thought that it was a letter from his brother, Vasquez-Lopez replied "yes, becuase I saw his name on the envelope." AR at 161-62
 
 
 [2]
 Because Vasquez-Lopez does not meet the "well-founded fear of persecution" standard required for a grant of asylum, he cnanot meet the more stringent "clear probability of persecution" standard for withholding deportation. See INS v. Cardoza-Fonseca, 480 U.S. 421, 449 (1987)